[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff The Norwich Savings Society ("NSS") has brought this action against Doris Marshall seeking contribution for real estate taxes and a sewer benefit assessment charged, but not apportioned between the parties. Each party owns approximately one half of the 13 acres involved.
Summary judgment was granted in favor of the plaintiff that the defendant pay her proportion of the taxes and sewer assessment and reimburse the plaintiff for her fair share.
After a full hearing the court finds that the taxes paid by NSS was in the amount of $98,392.76 and the sewer assessment was $42,256.06 for a total of $140,648.82.
The property consists of 13 acres of which Marshall owns 6.65 acres and NSS 6.73 acres. In the foreclosure action on CT Page 5955 May 26, 1992, and October 2, 1992, the Marshall property was valued at $329,000 and the NSS property $500,000.
Marshall argues that 93 condo sites were on the property, 48 on NSS acreage and 45 on her property. She claims that the value of her land has decreased since the foreclosure actions of 1992. She claims the taxes should be paid 71% by NSS and 29% by her. The court must disagree.
The taxes cover the period from 1987 through 1992. The fact that the value of the defendant's property may have decreased is not relevant to the issue of the value prior to October 1, 1992.
Based upon the court's valuation of the property as stated above and the testimony and exhibits presented at the hearing, the court finds that during the period of the tax assessment the property had a total value of $829,000, of which the NSS property had a value of $500,000 and the Marshall property $329,000.
Accordingly, the NSS property is 60% of the full value and the Marshall property 40% of the full value.
The defendant Marshall is, therefore, ordered to reimburse 40% of the $98,392.76 taxes paid to the plaintiff.
Regarding the sewer assessment, the defendant has not presented evidence sufficient to excuse her from paying her fair share of that amount. The fact that the company that bought the property, Intensity Holdings, told her that she would not have to get sewers is not a defense to this action.
Accordingly, the defendant is ordered to pay 40% of the sewer assessment.
The defendant is also ordered to pay the interest due on the above amounts.
Hurley, J. CT Page 5956